FILED

1   MICHAEL R. SIMMONDS (SBN 96238)
    msimmonds@snllp.com
2   CHRISTOPHER M. SPAIN (SBN 265465)
    cspain@snllp.com
3   SIMMONDS & NARITA LLP
    44 Montgomery Street, Suite 3010
4   San Francisco, CA 94104-4816
    Telephone: (415) 283-1000
5   Facsimile:  (415) 352-2625

6   Attorneys for Defendant
    Cavalry Portfolio Services, LLC
7

8

                    UNITED STATES DISTRICT COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10
                         SOUTHERN DIVISION
11
                                          SACV 13·01357 DOC (VBK,
12  RUBEN T. VARELA,              )  CASE NO.:
                                  )
13                                )
         Plaintiff,               )
14                                )  **NOTICE OF REMOVAL**
                                  )
15       vs.                      )
                                  )
16                                )
    CAVALRY PORTFOLIO             )
17  SERVICES, a Delaware Limited  )
    Liability Corporation         )
18                                )
                                  )
19       Defendant.               )
                                  )
20  _____  )

21

22

23

24

25

26

27

28

    RUBEN T. VARELA v. CAVALRY PORTFOLIO SERVICES, LLC  (CASE NO.:          )
    NOTICE OF REMOVAL

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that defendant Cavalry Portfolio Services, LLC

3    ("Defendant"), a Delaware limited liability company, hereby removes to this Court

4    the state court action described below.

5    1.    On August 1, 2013, a complaint was filed by plaintiff Ruben T. Varela

6    ("Plaintiff"), in an action pending in the Superior Court of the State of California in

7    and for the County of Orange, entitled *Ruben T. Varela v. Cavalry Portfolio*

8    *Services, LLC*, Case No. 30-2013-00665964.  A copy of the state court Summons

9    and Complaint ("Complaint") that was served on Defendant is attached hereto as

10   **Exhibit A**.

11   2.    This removal petition is timely under 28 U.S.C. § 1446(b) because

12   Defendant was first served a copy of the Complaint on August 2, 2013.

13   <u>**JURISDICTION**</u>

14   3.    This action is a civil action of which this Court has original

15   jurisdiction under 28 U.S.C. § 1331 and that may be removed to this Court by the

16   Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), because the

17   Complaint asserts federal claims against Defendant arising under, *inter alia*, the

18   Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. and the Fair Credit

19   Reporting Act, 15 U.S.C. § 1681, *et seq*.  *See* Exhibit A.

20   4.    The Complaint was filed in the Superior Court of California, County

21   of Orange.  *See* Exhibit A.  Venue in this District Court is proper.  *See* 28 U.S.C. §

22   1441(a) (providing for removal "to the district court of the United States for the

23   district and division embracing the place" where the state court action is pending);

24   28 U.S.C. § 84(c) (Central District comprises the counties of Los Angeles, Ventura,

25   Santa Barbara, San Luis Obispo, Orange, Riverside, and San Bernardino).

26   5.    Defendant is represented by the undersigned.

27   //

28   //

1  DATED: August 30, 2013

SIMMONDS & NARITA LLP
MICHAEL R. SIMMONDS
CHRISTOPHER M. SPAIN

By: _____
Christopher M. Spain
Attorneys for Defendant
Cavalry Portfolio Services, LLC

RUBEN T. VARELA v. CAVALRY PORTFOLIO SERVICES, LLC  (CASE NO.:          )
NOTICE OF REMOVAL

2

# EXHIBIT A

Aug. 01, 2013

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Cavalry Portfolio Services, LLC, a Delaware limited liability corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Ruben T. Varela

> **FOR COURT USE ONLY**
> *(SOLO PARA USO DE LA CORTE)*
>
> **FILED**
> SUPERIOR COURT OF CALIFORNIA
> COUNTY OF ORANGE
> CENTRAL JUSTICE CENTER
>
> **AUG 01 2013**
>
> ALAN CARLSON  Clerk of the Court

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of California, Orange Co. <br><br> 700 Civic Center Drive West <br> Santa Ana, CA  92702 | **CASE NUMBER:** <br> *(Número del Caso):* <br> **30-2013** <br> **00665964** <br> **JUDGE KIRK H. NAKAMURA** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ruben T. Varela, Pro Se; 2249 Camino Del Sol, Fullerton, California, 92833; 714-864-0150

| DATE: August 01, 2013 <br> *(Fecha)* | **ALAN CARLSON** | Clerk, by <br> *(Secretario)*  **YOLANDA MEJIA** | , Deputy <br> *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Cavalry Portfolio Services, LLC

   under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> *www.courtinfo.ca.gov* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ruben T. Varela<br>2249 Camino Del Sol<br>Fullerton, California [92833]<br>TELEPHONE NO.: 714-864-0150   FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff in Propia Persona | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>AUG 01 2013<br><br>ALAN CARLSON, Clerk of the Court |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Orange
STREET ADDRESS: 700 Civic Center West
MAILING ADDRESS: same
CITY AND ZIP CODE: Santa Ana, CA 92702
BRANCH NAME: Central Justice Center

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 006659 64 |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2013<br><br>JUDGE KIRK H. NAKAMURA<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09) | (Cal. Rules of Court, rules 3.400–3.403)<br>☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☑ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 4 - violations of the FDCPA, Rosenthal FDCPA, FCRA, and CCRAA.
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 01, 2013

Ruben T. Varela
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

1
2
3
4

Ruben T. Varela
c/o 2249 Camino Del Sol
Fullerton, California 92833
Plaintiff in Pro Per



**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 01 2013

ALAN CARLSON Clerk of the Court

5
6
7

 **COPY**

8
9
10

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

**UNLIMITED CIVIL CASE**   30-2013

11

**00665964**

12
13
14
15
16
17
18
19

Ruben T. Varela,

     Plaintiff,

  vs.

CAVALRY PORTFOLIO SERVICES,

a Delaware Limited

Liability Corporation,

     Defendant.

CASE NO.: **JUDGE KIRK H. NAKAMURA**

**VERIFIED COMPLAINT FOR DAMAGES:**

1.  VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.;
2.  VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.;
3.  VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.;
4.  VIOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENGICES ACT, CAL. CIV. CODE § 1785 ET SEQ.

**JURY TRIAL DEMANDED.**

20
21
22
23
24
25
26
27
28
29
30

///

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, Ruben T. Varela (hereinafter "Plaintiff", "his", or "he"), and for his Complaint against defendant CAVALRY PORTFOLIO SERVICES, LLC, a Delaware limited liability corporation (hereinafter "Defendant"), hereby alleges:

## PRELIMINARY STATEMENT

1.  This is an action for damages brought for willful violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C § 1692 *et seq.*; California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code ("Cal. Civ. Code") § 1788 *et seq.*; the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.*; and California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.*

## PARTIES

2.  At all times mentioned herein, Plaintiff was and remains: a native born Californian domiciled in the city of Fullerton, county of Orange, state of California; a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), the FCRA, 15 U.S.C. § 1681a(c), and the CCRAA, Cal. Civ. Code § 1785.3(b), respectively; and a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h).

3.  At all times mentioned herein, Defendant was and remains: a limited liability corporation organized

under the laws of the state of Delaware, with a corporate address of 500 Summit Lake Drive, Suite 4A, Valhalla, New York state, 10595, and doing business in the county of Orange, state of California; a "person" as that term is defined under the FCRA, 15 U.S.C. § 1681a(b), the RFDCPA, Cal. Civ. Code § 1788.2(g), and the CCRAA, Cal. Civ. Code § 1785.3(j), respectively; a "furnisher of information" as that term is contemplated under the FCRA; a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the RFDCPA, Cal. Civ. Code § 1788.2(c), respectively; and a "creditor" as defined by the CCRAA, Cal. Civ. Code § 1785.26(a)(1).

## FACTUAL ALLEGATIONS

4. Defendant initiated collection of a debt alleged to be owed by Plaintiff to Defendant (the "alleged debt"), by obtaining a copy of Plaintiff's consumer report from consumer reporting agency TRANS UNION, LLC ("Trans Union") during the month of February, 2012.

5. Plaintiff has no contractual agreement for credit, loans or services relationship with Defendant. Even if Plaintiff did have such an agreement, which Plaintiff denies, the alleged debt is not at issue here, but rather the facts as to how Defendant willfully violated both federal and state law in attempting to collect the alleged debt.

6. Upon information and belief and on that basis Plaintiff alleges that during April, 2012, Defendant began reporting or updating negative credit information regarding the alleged debt to the major consumer reporting agencies, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax"), and Trans Union (collectively hereinafter the "CRA").

7. Defendant failed to notify Plaintiff in writing prior to or within 30 days after submitting negative credit information concerning Plaintiff to the CRA, and each of them, in violation of the CCRAA, Cal Civ. Code §§ 1785.26(b) and (c), as a separate and distinct violation for each month from May, 2012, to August, 2012 with respect to Trans Union, and as separate and distinct violations for each month from May, 2012, to June, 2013, with respect to Equifax and Experian, and each of them.  The CCRAA, Cal Civ. Code §§ 1785.26(b) and (c) read in relevant part:

> "*(b) A creditor may submit negative credit information concerning a consumer to a consumer credit reporting agency, only if the creditor notifies the consumer affected...*
>
> *(c) The notice shall be in writing and shall be delivered in person or mailed first class...to the party's last know address, prior to or within 30 days after the transmission of the negative credit information.*"
> (*Emphasis* added.)

8. Defendant failed to provide Plaintiff with mandatory written debt verification notice, pursuant to the FDCPA, 15 U.S.C. § 1692g(a), within five days after Defendant's initial "indirect" communication with Plaintiff, in connection with the collection of the alleged debt, or within five days after Defendant initially reported negative credit information concerning Plaintiff to any CRA[1]. The FDCPA, 15 U.S.C. § 1692g(a) reads in relevant part:

"(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
    (1) the amount of the debt;
    (2) the name of the creditor to whom the debt is
        owed;
    (3) a statement that unless the consumer, within
        thirty days after receipt of the notice,
        disputes the validity of the debt, or any
        portion thereof, the debt will be assumed to be
        valid by the debt collector;
    (4) a statement that if the consumer notifies the
        debt collector in writing within the thirty-day
        period that the debt, or any portion thereof,

---

[1] See 15 U.S.C. § 1692a(2); See *Blank v. Ford Motor Credit*, 2005 WL 43981, at *3 (N.D. Tex., Jan. 7, 2005) – "...reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt...", quoting *Sullivan v. Equifax, Inc.*, 2002 WL 799856, at *4 (E.D. Penn. April 19, 2002) – "...'communication' is given a broad meaning under the FDCPA..."; See *Cass, FTC Informal Staff Letter* (Dec. 23, 1997) – "...the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls."

is disputed, the debt collector will obtain
verification of the debt or a copy of a
judgment against the consumer and a copy of
such verification or judgment will be mailed to
the consumer by the debt collector; and

(5) a statement that, upon the consumer's written
request within the thirty-day period, the debt
collector will provide the consumer with the
name and address of the original creditor, if
different from the current creditor.

9. Upon information and belief and on that basis
Plaintiff alleges that Defendant's failure in May,
2012, to provide Plaintiff with lawful debt
verification notice constituted a failure to validate
the alleged debt, which thereafter rendered the
"current status", "legal status" or "character" of the
un-validated, alleged debt as a legally "nonexistent"
debt (hereinafter the "alleged debt" or "nonexistent
debt"), for which Defendant was not entitled to
collect, or attempt to collect, until such time that
Defendant sent lawful debt validation, including lawful
written debt verification notice, to Plaintiff by mail.

10.  Upon information and belief and on that basis
Plaintiff alleges that during May, 2012, Defendant
furnished or updated to Equifax and Experian, and each
of them, what Defendant knew, or should have known, to
be inaccurate credit information which misrepresented
the "current status", "legal status" or "character" of
a legally nonexistent debt, in violation of the CCRAA,
Cal. Civ. Code § 1785.25(a), as separate and distinct

violations for each month from May, 2012 to August, 2012, with respect to Trans Union, and as separate and distinct violations for each month from May, 2012, to June, 2013, with respect to Equifax and Experian, and each of them.

11.   Upon information and belief and on that basis Plaintiff alleges that during May, 2012, Defendant furnished or updated to the CRA, and each of them, what Defendant knew, or should have known to be inaccurate or incomplete credit information, by providing the false statement in the "Remark" or "Comment" section that the account information was "disputed by the consumer", which misrepresented that numerous other communications had previously occurred between Defendant and Plaintiff, such as that:

(a) Defendant had previously communicated directly with Plaintiff to demand payment; or that

(b) Plaintiff had previously disputed the alleged debt through any CRA, and a subsequent reinvestigation found the credit information to be both accurate and complete; or that

(c) Plaintiff had previously disputed the alleged debt directly with Defendant, and thereafter Defendant provided Plaintiff with lawful debt validation, including lawful debt verification notice.

Therefore Defendant violated the CCRAA, Cal. Civ. Code § 1785.25(a), as separate and distinct violations

for each month from May, 2012, to August, 2012, with respect to each CRA.

12.  Plaintiff formally disputed the alleged debt through Trans Union in a letter dated July 26, 2012, sent via certified mail with return receipt.

13.  Upon information and belief and on that basis Plaintiff alleges that Trans Union notified Defendant of Plaintiff's formal dispute, in accordance with the FCRA, 15 U.S.C. § 1681i(a)(2).

14.  Upon notification of Plaintiff's formal dispute from Trans Union, Defendant had an affirmative duty to, *inter alia*, conduct an independent investigation into Plaintiff's dispute, pursuant to 15 U.S.C. § 1681s-2(b)(1), which reads in relevant part:

"(1) *In general.* After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A)  conduct an investigation with respect to the disputed information;
(B)  review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];
(C)  report the results of the investigation to the consumer reporting agency;
(D)  if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a national basis; and

(E)   if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly-

(i)    modify that item of information;

(ii)   delete that item of information; or

(iii)  permanently block the reporting of that item of information."

15.   On or about August 28, 2012, Plaintiff received a report from Trans Union notifying Plaintiff that the disputed alleged debt "item" had been deleted from his Trans Union consumer report.  The notice from Trans Union did not indicate whether the deletion was initiated by Trans Union, or by Defendant.

16.   Upon information and belief, and on that basis Plaintiff alleges that during August, 2012, Defendant failed to report to all other consumer reporting agencies, including but not limited to Equifax and Experian, and each of them, that disputed credit information furnished by Defendant inaccurately represented the "current status", "legal status" or "character" of a legally nonexistent debt, thereby violating the FCRA, 15 U.S.C. § 1681s-2(b)(1)(D), as separate and distinct violations for each month from August, 2012 to June, 2013.

17.   Upon information and belief, and on that basis Plaintiff alleges that during August, 2012, Defendant

failed to promptly instruct both Equifax and Experian, and each of them, to delete inaccurate credit information furnished by Defendant which misrepresented the "current status", "legal status", or "character" of a legally nonexistent debt, thereby violating the FCRA, 15 U.S.C. § 1681s-2(b)(1)(E)(ii), as separate and distinct violations for each month from August, 2012, to June, 2013.

18.   Upon information and belief and on that basis Plaintiff alleges that within the twelve month period preceding the filing of this action, Defendant engaged in continuous adverse collection activities, in connection with the collection of a legally nonexistent debt, thereby violating the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, and 1692g(b).

19.   During the month of October, 2012, Defendant obtained a second copy of Plaintiff's Trans Union consumer report, in connection with the collection of a legally nonexistent debt, and thus without a permissible purpose, in violation of the FCRA, 15 U.S.C. §§ 1681b(f).

20.   During the month of February, 2013, Plaintiff reviewed his consumer reports and discovered that Defendant was still furnishing and updating to Equifax and Experian, and each of them, inaccurate or incomplete credit information which misrepresented the

"current status", "legal status, or "character" of a legally nonexistent debt.

21.  On or about February 19, 2013, Plaintiff sent to Experian and Equifax, and each of them, a letter formally disputing the alleged debt, via certified mail with return receipt.  Plaintiff's letter to Experian and Equifax, and each of them, specified, *inter alia*, that Plaintiff had no contractual relationship with Defendant, and that the alleged debt was "unverified".

22.  Upon information and belief and on that basis Plaintiff alleges that Equifax and Experian, and each of them, notified Defendant of Plaintiff's formal dispute, in accordance with the FCRA, 15 U.S.C. § 1681i(a)(2).

23.  On or about March 7, 2013, Plaintiff sent Defendant a letter disputing the alleged debt (the "dispute letter"), via certified mail with return receipt, advising Defendant, *inter alia*, that Defendant had been engaged in continuous adverse collection activities for over a one year period, without validating the alleged debt or providing Plaintiff with lawful debt verification notice.  Plaintiff's dispute letter also demanded debt validation from Defendant.

24.  U.S. postal records indicate that Defendant received Plaintiff's letter on March 11, 2013.

25.  On or about March 19, 2013, Plaintiff received a report from Equifax dated March 14, 2013, notifying

Plaintiff that the disputed "item" would remain on Plaintiff's Equifax consumer report, as reported by Defendant.

26.   On or about April 4, 2013, Plaintiff received a report from Experian dated April 1, 2013, notifying Plaintiff that the disputed "item" would remain on Plaintiff's Experian consumer report, as reported by Defendant.

27.   During March, 2013, Defendant failed to conduct an independent investigation into Plaintiff's formal dispute, upon notification thereof by Equifax and Experian, and each of them, regarding what Defendant knew to be a legally nonexistent debt, thereby violating the FCRA, 15 U.S.C. § 1681s-2(b)(1)(A).

28.   During March, 2013, Defendant failed to review all relevant information provided to Defendant by Equifax and Experian, and each of them, pursuant to § 1681i, thereby violating the FCRA, 15 U.S.C. § 1681s-2(b)(1)(B).

29.   Beginning in March, 2013, Defendant failed to report to Equifax and Experian, and each of them, that disputed credit information furnished by Defendant inaccurately represented the "current status" "legal status" or "character" of a legally nonexistent debt, thereby violating the FCRA, 15 U.S.C. § 1681s-

2(b)(1)(C), as separate and distinct violations for each month from March, 2013 to June, 2013.

30.   On or about April 9, 2013, Plaintiff received a letter from Defendant dated April 2, 2013, attempting to collect the alleged debt (the "collection letter").

31.   Defendant's collection letter failed to provide complete debt verification notice as mandated by the FDCPA, 15 U.S.C. §§ 1692g(a)(1)-(5), by omitting those specific notices required under subsections 1692g(a)(3)-(5).

32.  Defendant's collection letter also failed to validate the alleged debt by failing to appropriately respond to Plaintiff's dispute letter demanding that Defendant, a third party debt collector, provide Plaintiff with competent evidence demonstrating that Defendant was entitled, by assignment or agency, to collect, or attempt to collect, any alleged debt from Plaintiff.

33.   As of the date hereof, Defendant has failed to provide Plaintiff with lawful debt verification notice, and failed to lawfully validate the alleged debt, which remains a legally nonexistent debt.

34.  Plaintiff alleges that Defendant's conduct, as described herein, constituted knowing and willful violations of the FDCPA, RFDCPA, FCRA, and CCRA, as well as malice, oppression and fraud within the meaning of Cal. Civ. Code § 3294, with the intent to cause

injury to Plaintiff, or otherwise that Defendant acted, or failed to act, with "reckless disregard"[2] as to Plaintiff's consumer rights and the high probability of injury to Plaintiff as a result – thereby justifying the award of exemplary punitive damages, as a deterrent to Defendant's future commission of such unlawful conduct, as described herein.

35.   As a proximate result of Defendant's unlawful actions and omissions, as described herein, Plaintiff has suffered actual damages including but not limited to a lower credit rating, denial of credit, loss of opportunities to engage in commerce, loss of reputation and standing in the community, and Plaintiff has suffered, and continues to suffer injury to Plaintiff's feelings, anxiety, frustration, embarrassment, mental anguish, and emotional distress.

36.   On or about May 20, 2013, Plaintiff sent Defendant a Notice & Demand letter, via certified mail, alleging violations of law by Defendant, and demanding compensatory monetary damages therefore, as a good faith effort to amicably resolve the foregoing matters without resorting to a civil lawsuit.

---

[2] See *Safeco Insurance Co. v. Burr*, 127 S. Ct. 2201 (2007) – "Where willfulness is a statutory condition of civil liability, it is generally taken to cover not only knowing violations of a standard, but reckless ones as well... The standard civil usage thus counsels reading §1681n(a)'s phrase 'willfully fails to comply' as reaching reckless FCRA violations..."

37.   Although Defendant has advised Plaintiff in a letter dated June 20, 2013, that Defendant will be closing its collection account for the legally nonexistent debt, Defendant has ignored Plaintiff's settlement demands and multiple efforts to engage in settlement discussions, thus leaving Plaintiff with no alternative but to petition this honorable Court for redress of grievances.

## CAUSE OF ACTION I
### WILLFUL VIOLATIONS BY DEFENDANT OF THE FDCPA, 15 U.S.C. § 1692 ET SEQ.

38.   Plaintiff restates and reiterates herein all previous paragraphs.

39.   Defendant willfully violated the FDCPA. Defendant's violations include, but are not limited to the following:

(a)   Defendant willfully violated 15 U.S.C. § 1692c(b), by unlawfully communicating with third parties, in connection with the collection of a nonexistent.

(b)   Defendant willfully violated 15 U.S.C. § 1692e, by the use of false, deceptive, or misleading representation or means in connection with the collection of any debt.

(c)   Defendant willfully violated 15 U.S.C. § 1692e(2)(A), by falsely representing the character, amount, or legal status of any debt.

(d) Defendant willfully violated 15 U.S.C. § 1692e(8), by communicating to any person credit information which is known or which should be known to be false.

(e)  Defendant willfully violated 15 U.S.C § 1692e(10), by the use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(f)  Defendant willfully violated 15 U.S.C § 1692f, by the use of unfair or unconscionable means to collect or attempt to collect any debt.

(g)  Defendant willfully violated 15 U.S.C § 1692g(b), by failing to cease collection of an alleged debt, until verification of the debt or any copy of a judgment was obtained by Defendant and sent to Plaintiff by mail.

### CAUSE OF ACTION II
**WILLFUL VIOLATIONS BY DEFENDANT OF THE RFDCPA,
CAL. CIV. CODE § 1788 ET SEQ.**

40.  Plaintiff restates and reiterates herein all previous paragraphs.

41.  Defendant willfully violated the RFDCPA. Defendant's violations include, but are not limited to the following:

(a)  Defendant willfully violated Cal. Civ. Code § 1788.17, by violating those provisions of the FDCPA, 15 U.S.C. § 1692c(b).

(b)   Defendant willfully violated Cal. Civ. Code §
1788.17, by violating the FDCPA, 15 U.S.C. § 1692e.

(c)   Defendant willfully violated Cal. Civ. Code §
1788.17, by violating the FDCPA, 15 U.S.C. §
1692e(2)(A).

(d)   Defendant willfully violated Cal. Civ. Code §
1788.17, by violating the FDCPA, 15 U.S.C. § 1692e(8).

(e)   Defendant willfully violated Cal. Civ. Code §
1788.17, by violating the FDCPA, 15 U.S.C § 1692e(10).

(f)   Defendant willfully violated Cal. Civ. Code §
1788.17, by violating the FDCPA, 15 U.S.C § 1692f.

(g)   Defendant willfully violated Cal. Civ. Code §
1788.17, by violating the FDCPA, 15 U.S.C § 1692g(b).

### CAUSE OF ACTION III
### WILLFUL VIOLATIONS BY DEFENDANT OF THE FCRA,
### 15 U.S.C. § 1681 ET SEQ.

42.   Plaintiff restates and reiterates herein all
previous paragraphs.

43.   Defendant willfully violated the FCRA.
Defendant's violations include, but are not limited to
the following:

(a)   Defendant willfully violated the FCRA, 15
U.S.C. § 1681b(f), by obtaining Plaintiff's Trans Union
consumer report without a permissible purpose, in
connection with the collection of a nonexistent debt.

(b)   Defendant willfully violated the FCRA, 15
U.S.C. § 1681s-2(b)(1)(D), by failing to report to

Equifax that negative credit information furnished by Defendant inaccurately represented the "current status", "legal status" and/or "character" of a legally nonexistent debt, for each month from August, 2012, to June, 2013.

(c)   Defendant willfully violated the FCRA, 15 U.S.C. § 1681s-2(b)(1)(D), by failing to report to Experian that credit information as furnished by Defendant inaccurately represented the "legal status" and/or "character" of a legally nonexistent debt, for each month from August, 2012, to June, 2013.

(d)   Defendant willfully violated the FCRA, 15 U.S.C. § 1681s-2(b)(1)(E)(ii), by failing to promptly instruct Equifax to delete inaccurate credit information as furnished by Defendant, for each month from August, 2012, to June, 2013.

(e)   Defendant willfully violated the FCRA, 15 U.S.C. § 1681s-2(b)(1)(E)(ii), by failing to promptly instruct Experian to delete inaccurate credit information as furnished by Defendant, for each month from August, 2012, to June, 2013.

(f)   Defendant willfully violated the FCRA, 15 U.S.C. § 1681s-2(b)(1)(A), by failing, in approximately February, 2013, to conduct an independent investigation with respect to credit information disputed by Plaintiff through Equifax.

(g)  Defendant willfully violated the FCRA, 15 U.S.C. § 1681s-2(b)(1)(A), by failing, in approximately February, 2013, to conduct an investigation with respect to credit information disputed by Plaintiff through Experian.

(h)  Defendant willfully violated the FCRA, 15 U.S.C. § 1681s-2(b)(1)(B), by failing, in approximately February, 2013, to review all relevant information provided by Equifax pursuant to 15 U.S.C. § 1681i.

(i)  Defendant willfully violated the FCRA, 15 U.S.C. § 1681s-2(b)(1)(B), by failing, in approximately February, 2013, to review all relevant information provided by Experian pursuant to 15 U.S.C. § 1681i.

(j)  Defendant willfully violated the FCRA, 15 U.S.C. § 1681s-2(b)(1)(C), by failing to report the results of an investigation to Equifax, for each month from March, 2013, to June, 2013.

(k)  Defendant willfully violated the FCRA, 15 U.S.C. § 1681s-2(b)(1)(C), by failing to report the results of an investigation to Experian, for each month from March, 2013, to June, 2013.

## CAUSE OF ACTION IV
### WILLFUL VIOLATIONS BY DEFENDANT OF THE CCRAA, CAL. CIV. CODE § 1785 ET SEQ.

44.  Plaintiff restates and reiterates herein all previous paragraphs.

45.  Defendant willfully violated the CCRAA. Defendant's violations include, but are not limited to the following:

(a)  Defendant willfully violated the CCRAA, Cal. Civ. Code § 1785.26(b), by submitting negative credit information concerning Plaintiff to consumer reporting agency Trans Union, without notifying Plaintiff, for each month from May, 2012, to August, 2012.

(b)  Defendant willfully violated the CCRAA, Cal. Civ. Code § 1785.26(b), by submitting negative credit information concerning Plaintiff to consumer reporting agency Equifax, without notifying Plaintiff, for each month from May, 2012, to June, 2013.

(c)  Defendant willfully violated the CCRAA, Cal. Civ. Code § 1785.26(b), by submitting negative credit information concerning Plaintiff to consumer reporting agency Experian, without notifying Plaintiff, for each month from May, 2012, to June, 2013.

(d)  Defendant willfully violated the CCRAA, Cal. Civ. Code § 1785.26(c), by failing to notify Plaintiff in writing prior to or within 30 days after submitting negative credit information concerning Plaintiff to consumer reporting agency Trans Union, for each month from May, 2012, to August, 2012.

(e)  Defendant willfully violated the CCRAA, Cal. Civ. Code § 1785.26(c), by failing to notify Plaintiff in writing prior to or within 30 days after submitting

negative credit information concerning Plaintiff to consumer reporting agency Equifax, for each month from May, 2012, to June, 2013.

(f)   Defendant willfully violated the CCRAA, Cal. Civ. Code § 1785.26(c), by failing to notify Plaintiff in writing prior to or within 30 days after submitting negative credit information concerning Plaintiff to consumer reporting agency Experian, for each month from May, 2012, to June, 2013.

(g)   Defendant willfully violated the CCRAA, Cal. Civ. Code § 1785.25(a), by furnishing credit information to Trans Union regarding a specific transaction or experience, which Defendant knew, or should have known, was incomplete or inaccurate, for each month from May, 2012, to August, 2012.

(h)   Defendant willfully violated the CCRAA, Cal. Civ. Code § 1785.25(a), by furnishing information to Equifax regarding a specific transaction or experience, which Defendant knew, or should have known, was incomplete or inaccurate, for each month from May, 2012, to June, 2013.

(i)   Defendant willfully violated the CCRAA, Cal. Civ. Code § 1785.25(a), by furnishing information to Experian regarding a specific transaction or experience, which Defendant knew, or should have known, was incomplete or inaccurate, for each month from May, 2012, to June, 2013.

## REQUEST FOR RELIEF

46.  WHEREFORE Defendant has willfully violated the FDCPA, RFDCPA, FCRA, and CCRAA, Plaintiff hereby requests:

(a)  Judgment for damages against Defendant for the greater of statutory damages in the amount of $1,000.00 or actual damages, attorneys fees, and costs, pursuant to 15 U.S.C. § 1692k;

(b)  Judgment for damages against Defendant for the greater of statutory damages in the amount of $1,000.00 or actual damages, attorneys fees, and costs, pursuant to Cal. Civ. Code §§ 1788.17 and 1788.30(b);

(c)  Judgment for damages against Defendant for the greater of statutory damages in the amount of $51,000.00 or actual damages, and punitive damages in the amount of $250,000, as punishment and a deterrent to Defendant's future commission of such unlawful conduct, as described herein, attorneys fees, and costs, pursuant to 15 U.S.C. § 1681n;

(d)  Judgment for damages against Defendant for actual damages, and punitive damages in the amount of $345,000.00, as punishment and a deterrent to Defendant's future commission of such unlawful conduct, as described herein, attorneys fees, and costs, pursuant to Cal. Civ. Code §§ 1785.31(a), and (d);

(e)  Any other relief that the court deems proper.

## DEMAND FOR JURY TRIAL

47. Plaintiff hereby respectfully demands a jury trial on all the issues raised in this complaint.

Dated: <u>August 01, 2013</u>

By: _____

Ruben T. Varela
*Plaintiff in Pro Per*

## VERIFICATION

I am the plaintiff in this action. I have read the foregoing complaint and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on <u>August 01, 2013</u> at the city of Fullerton, county of Orange, California.

By: _____

Ruben T. Varela

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ DAVID O. CARTER _____ and the assigned Magistrate Judge is _____ VICTOR B. KENTON _____ .

The case number on all documents filed with the Court should read as follows:

## SACV13-01357 DOC (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____ August 30 2013 _____
Date

By _____ Dwayne Roberts _____
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES